1
2
3
4                       UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    DAVID G. VALLEY,                          Case No. 16-cv-02915-HSG (PR)
                    Plaintiff,
8
                                               **ORDER OF SERVICE**
9              v.
10   ALICIA STOTTSBERRY,
                    Defendant.
11
12
13          Plaintiff, an inmate at the California Correctional Training Facility filed this *pro se* civil
14   rights action under 42 U.S.C. § 1983 against Alicia Stottsberry, Medical Administrator of the Lake
15   County Jail, where plaintiff was previously incarcerated.  This case is now before the Court for
16   initial review of the pleadings pursuant to 28 U.S.C. § 1915A.  Plaintiff is granted leave to proceed
17   in forma pauperis by separate order.
18                                    **DISCUSSION**
19   **A.      Standard of Review**
20          A federal court must conduct a preliminary screening in any case in which a prisoner seeks
21   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
22   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
23   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
24   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),
25   (2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police*
26   *Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).
27          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
28   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

United States District Court
Northern District of California

statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the complaint, in December 2015, while incarcerated at Lake County Jail, plaintiff was treated for depression by a jail psychiatrist.  The psychiatrist prescribed 60mg of Cymbalta, an antidepressant medication.  Later in the month, the psychiatrist prescribed an additional 20mg dosage of Cymbalta.  Defendant Alicia Stottsberry refused to authorize payment for some or all of the prescribed Cymbalta.  Defendant also proceeded to ignore plaintiff's inmate appeals relating to the failure to provide the medication.  Plaintiff alleges that, as a result, he suffered from depression and neuropathic pain.  He further alleges that the decision to deny his medication was based on cost-saving considerations, in disregard of his health.  Liberally construed, the *pro se* complaint states a cognizable Eighth Amendment claim against defendant Alicia Stottsberry for deliberate indifference to plaintiff's serious medical needs.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.       Plaintiff's complaint states a cognizable Eighth Amendment claim against Lake County Jail Medical Administrator Alicia Stottsberry.

2.       The Clerk shall issue summons and the United States Marshal shall serve, without

United States District Court
Northern District of California

2

prepayment of fees, the summons, a copy of the complaint, all attachments thereto, and a copy of this Order on **Alicia Stottsberry** at the **Lake County Jail**.  The Clerk shall also mail a courtesy copy of this Order to the Office of the Lake County Counsel.

       3.      In order to expedite the resolution of this case, the Court orders as follows:

          a.      No later than **91 days** from the date this Order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion.  If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.  A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

          b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this Order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this Order as he prepares his opposition to any motion to dismiss.

          c.      Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

       4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

United States District Court
Northern District of California

United States District Court
Northern District of California

1    entitled to judgment as a matter of law, which will end your case.  When a party you are suing

2    makes a motion for summary judgment that is properly supported by declarations (or other sworn

3    testimony), you cannot simply rely on what your complaint says.  Instead, you must set out

4    specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

5    as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and

6    documents and show that there is a genuine issue of material fact for trial.  If you do not submit

7    your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

8    If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v.*

9    *Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

10          Plaintiff also is advised that a motion to dismiss for failure to exhaust available

11   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

12   prejudice.  You must "develop a record" and present it in your opposition in order to dispute any

13   "factual record" presented by defendant in her motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d

14   1108, 1120 n.14 (9th Cir. 2003).

15          (The *Rand* and *Wyatt* notices above do not excuse defendant's obligation to serve said

16   notices again concurrently with motions to dismiss for failure to exhaust available administrative

17   remedies and motions for summary judgment.  *Woods*, 684 F.3d at 939).

18          5.     All communications by plaintiff with the Court must be served on defendant's

19   counsel by mailing a true copy of the document to defendant's counsel.  The Court may disregard

20   any document which a party files but fails to send a copy of to his opponent.  Until defendant's

21   counsel has been designated, plaintiff may mail a true copy of the document directly to defendant,

22   but once a defendant is represented by counsel, all documents must be mailed to counsel rather

23   than directly to that defendant.

24          6.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

25   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

26   before the parties may conduct discovery.

27          7.     Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

28   Court informed of any change of address and must comply with the Court's orders in a timely

4

fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 8/31/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5