UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. VALLEY,<br><br>Plaintiff,<br><br>v.<br><br>ALISHA STOTTSBERRY,<br><br>Defendant. | Case No. 16-cv-02915-HSG (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 20 |

## INTRODUCTION

On May 31, 2016, Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 against one defendant at Lake County Jail, where he was previously housed as a pretrial detainee.[1] Defendant is Alisha Stottsberry, a licensed registered nurse employed by the California Forensic Medical Group, Inc. as the medical program manager at the Lake County Jail. On August 31, 2016, the Court screened the complaint and found that it stated a cognizable claim for deliberate indifference to serious medical needs based on Plaintiff's allegations that Stottsberry refused to authorize payment for Plaintiff's antidepressant medication.

Now before the Court is Defendant's motion for summary judgment. Plaintiff has filed an opposition, and Defendant has filed a reply. For the reasons discussed below, the motion will be granted.

## BACKGROUND

Plaintiff alleges that, in December 2015 while incarcerated at Lake County Jail, Plaintiff was treated for pain and depression by a jail psychiatrist. Dkt. No. 1 at 5.[2] The psychiatrist prescribed 60mg of Cymbalta, an antidepressant medication. *Id.* Later in the month, the

---

[1] Plaintiff filed this action after he had been transferred to San Quentin State Prison. It appears from Plaintiff's latest notice of change of address that he is no longer in custody. *See* Dkt. No. 24.
[2] All page numbers used herein refer to those affixed to the top of the page by the Court's electronic filing program.

psychiatrist prescribed an additional 20mg dosage of Cymbalta. *Id.* at 6.[3] According to Plaintiff, Defendant refused to authorize payment for the new prescription. *Id.* Plaintiff alleges that, as a result, he suffered from depression and neuropathic pain. *Id.* at 7. He further alleges that the decision to deny his medication was based on cost-saving considerations in disregard of his health. *Id.* at 6-7. Plaintiff admits in his opposition that he did eventually receive the new 80mg dose of Cymbalta but asserts that it was delayed by "nearly one month." *See* Dkt. No. 22-1 at 2.

**DISCUSSION**

**I.     Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e) (amended 2010)). The nonmoving party must show more than "the mere existence of a scintilla of evidence." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Liberty Lobby*, 477 U.S. at 252). "In fact, the non-moving party must come

---

[3] The record shows the increase was authorized and faxed for approval on December 24, 2015. *See* Dkt. No. 20-2 at 6-9.

2

forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Liberty Lobby,* 477 U.S. at 252). If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323.

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Here, Plaintiff's verified complaint (Dkt. No. 1) and Plaintiff's declaration in support of his opposition to summary judgment (Dkt. No. 22-1) are considered in evaluating the motion for summary judgment.

## II. Deliberate Indifference to Serious Medical Needs

Deliberate indifference to a serious medical need violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishment Clause of the Eighth Amendment because he was an arrestee or detainee at the relevant time; however, the deliberate indifference standard still applies to his medical care claim. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (standard of deliberate indifference applicable to pretrial detainees' medical claims).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). Serious medical needs may include mental health care. *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994) (mentally ill prisoner may establish unconstitutional treatment by showing that officials have been deliberately indifferent to his serious medical needs).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds*, *Castro v. County of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016). Mere negligence, or even gross negligence, is not enough. *Farmer*, 511 U.S. at 835–36 & n.4.[4]

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *McGuckin*, 974 F.2d at 1059. Nor does "a difference of opinion between a

---

[4] In *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016), the Ninth Circuit announced an objective standard in a deliberate-indifference-to-safety claim from a pretrial detainee, but the Ninth Circuit has not yet decided whether the same objective (as opposed to subjective) standard of deliberate indifference applies to a medical care claim from a pretrial detainee. The Fourteenth Amendment objective standard requires that a pretrial detainee show that a defendant "did not take reasonable available measures to abate [a] risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious." *Castro*, 833 F.3d at 1071. In any event, the result would be the same in this case whether an objective or subjective standard applies.

4

prisoner patient and prison medical authorities regarding treatment" amount to deliberate indifference. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Consequently, a plaintiff's opinion that medical treatment was unduly delayed does not, without more, state a claim of deliberate indifference. *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). In order to prevail on a claim involving choices between alternative courses of treatment, a plaintiff must show that the course of treatment the defendant chose was medically unacceptable under the circumstances and that he or she chose this course in conscious disregard of an excessive risk to plaintiff's health. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Farmer*, 511 U.S. at 837).

### III. Analysis

Plaintiff has failed to show a genuine issue for trial in support of his claim that Defendant was deliberately indifferent to his need for a higher dose of antidepressant medication. He fails as to both the objective and subjective requirements for a Fourteenth Amendment claim.

The claim fails on the first prong because Plaintiff has not presented evidence that his complaints of depression and/or pain amounted to a serious medical need. Depression and pain can come in a wide range of severities, and Plaintiff admits in his complaint that his pain and depression were "due to holidays and conditions of confinement." Dkt. No. 1 at 5. Further Plaintiff's medical record show that his Cymbalta dosage was increased because he was "getting into fights" and "worried about his wife going through chemo." Dkt. No. 20-2 at 6. Though Plaintiff's circumstances were certainly unfortunate, on the barren record now before the Court, no reasonable trier of fact could conclude that Plaintiff's complaints of depression and pain amounted to a serious medical need.

Even if his complaints of pain amounted to a serious medical need, the claim fails on the mental-state prong because there is no evidence that Defendant was deliberately indifferent. The undisputed evidence shows that as medical program manager at the Lake County Jail, Defendant plays no part in the decision by a physician or physician's assistant to prescribe any medication for an inmate. Stottsberry Decl. ¶ 2. If a physician or physician's assistant decides to order medication that is not on the jail's formulary, the provider—without Defendant's involvement—

5

submits a request for approval and, upon approval, the medication is provided by jail staff. *Id.* ¶ 3. Defendant played no role in the decision of the jail psychiatrist to prescribe Cymbalta for Plaintiff—in either the initial dose of 60mg or the later-ordered increase. *Id.* ¶ 2. Indeed, she was not even aware that there was a request for approval of the increased dose, and the request was sent without any required or actual review by Defendant. *Id.* ¶¶ 4-5.

Defendant's only involvement with Plaintiff concerning the Cymbalta was her review of his grievance, dated January 5, 2016, in which Plaintiff complained that he had not received the increased dosage as ordered. Stottsberry Decl. ¶ 6, Dkt. No. 20-2 at 10. Defendant reviewed Plaintiff's Medication Administration Record ("MAR") and interpreted the notes of the nursing staff to indicate that the increased dosage was being provided as of December 25, 2015. *Id.* In a later review of Plaintiff's MAR, it became clear that Plaintiff did not receive the new 80mg dose until January 19, 2016 and that he had continued to receive the 60mg dose up to that time. *Id.*

On this record, there is simply no evidence that Defendant acted with the state of mind necessary to prove a deliberate indifference claim. At most this shows a 26-day delay in Plaintiff receiving the increased dose, which may not have even been attributable to Defendant and, in any event, does not establish deliberate indifference. *See Shapley*, 766 F.2d at 407.

In his opposition, Plaintiff contends that Defendant's coworker, licensed vocational nurse Monique Quillen, informed Plaintiff that he would not receive the 80mg dose until he ran out of the 60mg dose because Defendant refused to pay for the new dose. Dkt. No. 22-1 at 2. The alleged statement is inadmissible hearsay and will not be considered by the Court. *See* Fed. R. Evid. 801, 802. Even were the Court to consider the alleged statement, however, it does not on its own raise a triable issue of fact as to the required mental state for deliberate indifference. There is no context for the alleged statement, let alone a showing of what knowledge Ms. Quillen possessed with regard to Defendant's awareness of risk to Plaintiff.

Considering the evidence in the light most favorable to Plaintiff, the Court finds Plaintiff fails to raise a triable issue of material fact as to whether Plaintiff had a serious medical need and as to whether Defendant was deliberately indifferent to any such need. Accordingly, Defendant is entitled to summary judgment.

**CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk shall enter judgment for Defendant and close the file.

The Clerk is further directed to correct the spelling of Defendant's name on the court docket by substituting "Alisha" for "Alicia."

This order terminates Docket No. 20.

**IT IS SO ORDERED.**

Dated: 11/30/2017

						_____
						HAYWOOD S. GILLIAM, JR.
						United States District Judge